UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Kathleen O'Shea and Sandeep Trisal on behalf of themselves and all others similarly situated,

          Plaintiffs,

-against-

P.C. Richard & Son, LLC (d/b/a P.C. Richard & Son) and P.C. Richard & Son, Inc. (d/b/a P.C. Richard & Son),

          Defendants.

Index No. 2:15-cv-09069-KPF

---

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................... 1
BACKGROUND .......................................................................................................................... 3
LEGAL STANDARDS ................................................................................................................ 6
    I.      Fed. R. Civ. P. 12(b)(1) Standard ............................................................................ 6
    II.     Fed. R. Civ. P. 12(b)(6) Standard ............................................................................ 7
ARGUMENT ................................................................................................................................ 8
    I.      Plaintiffs Lack Standing To Assert FACTA Claims ............................................... 8
    II.     Plaintiffs Fail to Plead Facts Establishing that P.C. Richard Willfully Violated FACTA ..................................................................................................... 11
CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*Altman v. White House Black Market, Inc.*,
  No. 1:15-CV-2451-SCJ, 2016 WL 3946780 ........................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................7, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................................7

*Braitberg v. Charter Communications, Inc.*,
  -- F.3d. --, 2016 WL 4698283 (8th Cir. Sept. 8, 2016) ..........................................................9, 10

*Cohen v. Litt*,
  906 F. Supp. 957 (S.D.N.Y. 1995) .....................................................................................7

*Cortec Industries, Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d. Cir. 1991) ............................................................................................6, 7

*Crupar-Weinmann v. Paris Baguette America., Inc.*,
  No. 13 Civ. 7013(JSR), 2014 WL 2990110 (S.D.N.Y. June 30, 2014),
  *reconsideration denied*, 41 F. Supp. 3d 411 (S.D.N.Y. 2014), *and vacated and
  remanded sub nom. Cruper-Weinmann v. Paris Baguette America, Inc.*,
  -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016) .............................................12, 13

*Cruper-Weinmann v. Paris Baguette America, Inc.*,
  -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016) ........................................3, 4, 8, 12

*De Jesus v. Sears, Roebuck & Co.*,
  87 F.3d 65 (2d Cir. 1996) ..................................................................................................7

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
  No. 13 Civ. 7174 (KPF), 2015 WL 4486311 (S.D.N.Y. July 23, 2015) .................3, 11, 12, 13

*Giammatteo v. Newton*,
  452 F. App'x 24 (2d Cir. 2011) ..........................................................................................6

*Guarisma v. Microsoft Corp.*,
  -- F. Supp. 3d --, 2016 WL 4017196 (S.D. Fla. July 26, 2016) ...............................................10

*Hammer v. Sam's East, Inc.*,
  754 F.3d 492 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1175, 191 L. Ed. 2d 132
  (2015) .............................................................................................................................9, 10

*Hernandez v. Coughlin*,
    18 F.3d 133 (2d Cir. 1994) ............................................................................................... 7

*Katz v. Donna Karan International, Inc.*,
    No. 14 Civ. 740(PAC), 2015 WL 405506 (S.D.N.Y. Jan. 30, 2015), *vacated
    and remanded sub nom.* C*ruper-Weinmann v. Paris Baguette America, Inc.*,
    -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016) ..................................................... 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 6, 7

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ............................................................................................. 6

*Meyers v. Oneida Tribe of Indians of Wisconsin*,
    No. 15-3127, 2016 WL 4698949 (7th Cir. Sept. 8, 2016) ......................................................... 9

*Noble v. Nevada Checker CAB Corp.*,
    No. 2:15-cv-02322, 2016 WL 4432685 (D. Nev. Aug, 19, 2016) ........................................... 10

*Protegrity Corp. v. AJB Software Design, Inc.*,
    No. 3:13-CV-01484 (RNC), 2015 WL 461041 (D. Conn. Feb. 3, 2015) ................................ 13

*Spokeo v. Robins*,
    578 U.S. _, 136 S. Ct. 1540 (2016) .............................................................................. *passim*

*Thompson v. Rally House of Kansas City Inc.*,
    No. 4:15-cv-00886 (W.D. Mo. Oct. 6, 2016) ....................................................................... 10

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................................................ 7

*Wood v. J Choo USA, Inc.*,
    -- F. Supp. 3d --, 2016 WL 4249953 ................................................................................... 10

**Statutes**

Credit and Debit Card Receipt Clarification Act of 2007, P.L. 110-241 § 2(a)(1)
    (June 3, 2008) ..................................................................................................................... 1

Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq* ............ *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b) ............................................................................................... 1, 6, 7, 13

P.C. Richard & Son, LLC (d/b/a P.C. Richard & Son) and P.C. Richard & Son, Inc. (d/b/a P.C. Richard & Son) ("P.C. Richard" or "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) Plaintiffs Kathleen O'Shea and Sandeep Trisal's ("Plaintiffs") First Amended Class Action Complaint ("Amended Complaint").

**PRELIMINARY STATEMENT**

In this purported class action alleging a willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") 15 U.S.C. §§ 1681, *et seq.*, Plaintiffs allege no actual harm. Plaintiffs assert a single FACTA cause of action against P.C. Richard alleging that P.C. Richard failed to redact the expiration date on receipts for certain debit and credit card receipts. But Congress enacted FACTA in 2003 "to prevent criminals from obtaining access to consumers' . . . credit information in order to reduce identity theft and credit card fraud," Credit and Debit Card Receipt Clarification Act of 2007, P.L. 110-241 § 2(a)(1) (June 3, 2008), and there is no allegation of identity theft or credit card fraud. Instead, Plaintiffs rely on a single conclusory allegation of harm, under the apparent assumption that simply pleading a violation of FACTA suffices to establish injury. More is required.

Even in the statutory context, basic standing requirements still apply. As the Supreme Court recently held in *Spokeo v. Robins*, Article III standing requires a concrete injury even in the context of a statutory violation. 578 U.S. _, 136 S. Ct. 1540, 1549 (2016). For an injury to be "concrete," it must "actually exist." *Id*. at 1548. This rule applies notwithstanding that a statute may purport to grant litigants a private right of action and authorize an award of statutory damages. *Id.* at 1549.

Here, Plaintiffs' only allegation of harm is that P.C. Richard's printing of receipts that

contained their cards' expiration dates but otherwise complied with FACTA's card number truncation requirements, exposed them "to at least an increased risk of identity theft and credit and or debit card fraud." (Am. Compl. ¶ 51). Plaintiffs fail to provide any supporting factual detail for this conclusory allegation. Neither Ms. O'Shea nor Mr. Trisal allege any actual damages as a result of P.C. Richard's failure to redact their cards' expiration dates. Nor do Plaintiffs allege that there was a threat that they could be a victim of identify fraud because their receipts were lost, stolen or discarded.

Instead, Plaintiffs allege that they suffered harm by merely receiving a receipt with the expiration date of their debit/credit card and the last four digits of the card number. This is the exact type of allegation of a bare statutory violation, without any associated concrete harm, which the Supreme Court in *Spokeo* stated was insufficient to establish Article III standing. *Id.* at 1550. Further, Plaintiffs fail to articulate how they can establish concrete harm on a class wide basis. The wholesale lack of any creditable factual allegations to show that either Plaintiff suffered a concrete injury in fact means that Plaintiffs have failed to meet their burden of establishing standing, let alone adequacy as representatives of a putative class that suffered a concrete injury.

Moreover, and independent of the standing issue, the Amended Complaint should be dismissed for failing to state a claim for a willful violation under FACTA. Plaintiffs' willfulness claims rely on allegations of P.C. Richard's general knowledge of FACTA's requirements through public statements and communications by the Federal Trade Commission and credit card companies. But, allegations of "awareness—either general or specific—of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements" is not enough to plausibly state a claim for a willful violation of FACTA.

*Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 WL 4486311, at *4 (S.D.N.Y. July 23, 2015).  Moreover, Plaintiffs ignore specific evidence relating to communications from P.C. Richard's own merchant bank, which provided contradictory statements regarding the requirements for credit card expiration dates.  As a result, Plaintiffs' Amended Complaint should be dismissed for failure to state a claim.

## BACKGROUND

Defendants P.C. Richard own a chain of private, family-owned appliance, television, electronics and mattress stores located in New York, New Jersey, Connecticut and Pennsylvania.  Plaintiffs O'Shea and Trisal are two customers of P.C. Richard who made at least one purchase each since 2015.[1]  Plaintiffs seek to represent similarly-situated customers who were provided a debit card or credit card receipt at "any of Defendants' physical store locations." (*Id.* ¶ 18).

The Amended Complaint alleges only one cause of action, individually and on a class basis, for willful violations of FACTA, which prohibits merchants from printing the expiration date on receipts provided to a customer at the point of sale for debit and credit card transactions. (Am. Compl. ¶ 32).  Plaintiff Katherine O'Shea initially filed a Complaint ("Original Complaint") in this Court on November 18, 2015, in which she alleged that Defendants provided her with a debit card receipt on which the expiration date and the last four digits of her debit card were printed.  (Original Complaint ¶ 33.)

On February 1, 2016, this Court stayed the present action pending a decision as to pleading standards by the Second Circuit in *Cruper-Weinmann v. Paris Baguette America, Inc.*, No. 14-3709-cv and *Katz v. Donna Karan International, Inc.*, 14-464-cv, (collectively "*Cruper-Weinmann*") two cases that bear striking similarity to the complaints in this case.  (Docket No.

---

[1] Plaintiffs fail to identify the details surrounding these transactions, including where they occurred, what kind of cards were used and, in the case of Plaintiff O'Shea, when they took place.

13). In May 2016, the Supreme Court decided *Spokeo*. *Spokeo*, 136 S. Ct. 1540. Soon after, on June 30, 2016, the Second Circuit remanded *Cruper-Weinmann*, holding that:

> Given the change *Spokeo* effected in the standing doctrine, we remand to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district courts to address any standing questions in the first instance.

*Cruper-Weinmann v. Paris Baguette Am, Inc.*, -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016).

The parties met and conferred on July 6, 2016, and counsel for Plaintiff O'Shea indicated that Plaintiff did not then desire to amend her complaint in light of the *Cruper-Weinmann* decision. (Docket No. 18). On July 8, 2016, this Court restored this case to the active docket. (Docket No. 19). On August 11, 2016, Defendants notified the Court of their intention to file the present motion and, on August 18, 2016, the parties attended a pre-motion conference. At that conference, counsel for P.C. Richard learned that counsel for Plaintiff intended to amend the Original Complaint to add a claim by a second Plaintiff relating to an alleged debit card transaction. On August 23, 2016, counsel for Plaintiffs sent counsel for P.C. Richard a redacted version of Mr. Sandeep Trisal's receipt referenced at the August 18, 2016 conference. Declaration of Jonathan Direnfeld ("Direnfeld Decl."), Exhibit A. The receipt related to an American Express credit card transaction, not a debit card. *Id.*

On September 12, 2016, counsel for P.C. Richard advised Plaintiffs' counsel that:

> I have obtained the report of a preliminary inquiry relating to the appearance of the expiration date on your American Express purchase receipts. The expiration date information began to appear on American Express receipts in April 2016 when PC Richard was being certified for chip card usage because a written directive from its merchant bank to its IT department required that such information be on American Express receipts it would be processing. Approximately four months later when you brought that

situation to my attention it was immediately removed."

Direnfeld Decl., Exhibit B.  Plaintiffs filed their Amended Complaint before a copy of the directive from P.C. Richard's merchant bank was provided.  However, it has since been given to Plaintiffs.  Direnfeld Decl., Exhibit C.  That directive from P.C. Richard's merchant bank regarding American Express was as follows:



*Id.* (emphasis added).[2]

On September 24, 2016, Plaintiffs filed the Amended Complaint, which is the subject of the present motion. Plaintiffs did not add any causes of action, but merely amended to add the factual allegations surrounding Mr. Trisal's American Express transaction and to broaden the class definition to include credit card receipts. (Amended Complaint ¶¶ 4, 36).

## LEGAL STANDARDS

### I.   FED. R. CIV. P. 12(b)(1) STANDARD

When a Rule 12(b)(1) motion challenges the sufficiency of the allegations contained in the complaint, the Court's review is limited to whether the well-pleaded factual allegations in the complaint are sufficient to establish subject matter jurisdiction. *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011). A case is properly dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), when the court lacks the statutory or constitutional power to adjudicate the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To satisfy the standing requirement for subject matter jurisdiction, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff bears the burden of establishing standing and "[w]here, as here, a case is at the pleading stage, the plaintiff must

---

[2] Plaintiffs specifically reference and incorporate this notice into the Amended Complaint based on their allegation that P.C. Richard's "merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for transactions occurring at Defendants' stores, likewise informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same." (Am. Compl. ¶ 41). Further, counsel for P.C. Richard notified Plaintiffs' counsel about the document prior to filing the Amended Complaint and therefore Plaintiffs had actual notice of everything in Defendants' papers. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d. Cir. 1991) ("[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff . . . . Where plaintiff has actual notice of . . . the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S.Ct. at 1547 (*quoting Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (*quoting Lujan*, 504 U.S. at 560). A "'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* As the Supreme Court explained in *Spokeo*, "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real' and not 'abstract.'" *Id.*

## II.     FED. R. CIV. P. 12(b)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* 556 U.S. 562, 378 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). The Court may augment the well-pleaded factual allegations with facts contained in documents incorporated within the complaint or integral documents of which the plaintiff has notice. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

Even under this highly deferential standard of review, "conclusory allegations unsupported by factual assertions" fail. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). The court should dismiss a complaint for failure to state a claim when the pleadings fail to set forth "'either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory.'" *Cohen v. Litt*, 906 F. Supp. 957, 962 (S.D.N.Y. 1995) (emphasis in original).

**ARGUMENT**

**I.      PLAINTIFFS LACK STANDING TO ASSERT FACTA CLAIMS**

Plaintiffs' single cause of action alleges that P.C. Richard's alleged violations of FACTA "harmed Plaintiffs and the Class by exposing them to at least an increased risk of identity theft and credit and or debit card." (Am. Compl. ¶ 51). Plaintiffs' Amended Complaint acknowledges that FACTA's primary purpose is to protect consumers from actual identity fraud. (Am. Compl. ¶¶ 5,7,8.) Critically, however, Plaintiffs do not allege that: (1) someone stole their identities or credit card information; (2) attempted to steal their identities or credit card information; or (3) the receipts were lost, discarded, stolen, or viewed by someone other than Plaintiffs themselves or their counsel.

These omissions are glaring. The Supreme Court emphasized in *Spokeo* that, in order to establish an injury in fact, a plaintiff must "clearly allege" facts showing that he or she suffered a concrete injury, *i.e.*, the injury "must actually exist." *Spokeo,* 136 S. Ct. at 1548. But no such injury has been "clearly alleged" here. In such circumstances, a plaintiff who merely asserts a violation of the statute has failed to plead standing. *Id.* Here, there is not a single fact pled that establishes that the Plaintiffs' receipts were ever viewed by anyone other than Plaintiffs themselves or their counsel, let alone that anyone actually attempted to steal their identities. Rather, Plaintiffs' claims are based on "conjectural or hypothetical" harm which is insufficient to establish an injury in fact. *Id.* at 1548.

In *Cruper-Weinmann*, the Second Circuit declined to reach the issue of whether the mere printing of an expiration date in violation of FACTA creates Article III standing, and instead remanded to allow the district courts to address any standing questions in the first instance. *Cruper-Weinmann v. Paris Baguette Am., Inc.*, -- F. App'x --, 2016 WL 3553448 (2d Cir. June

30, 2016).  No other circuit court has applied *Spokeo* to a FACTA claim.³  However, the Eighth Circuit recently noted that *Spokeo* supersedes its previous decision that simply printing a credit card receipt in violation of FACTA can satisfy the injury-in-fact requirement of FACTA.

In *Braitberg v. Charter Communications, Inc.*, -- F.3d. -- , 2016 WL 4698283 (8th Cir. Sept. 8, 2016), the Eighth Circuit evaluated whether the plaintiffs had standing to pursue a claim under the Cable Communications Policy Act, which requires cable companies to destroy personally identifiable information after a consumer cancels his or her subscription.  The plaintiffs alleged that the defendants' mere retention of the personal information violated the statute and resulted in an invasion of "federally protected privacy rights."  *Id.* at *1.  Prior to *Spokeo*, the Eighth Circuit had held that, in the context of an alleged violation of FACTA, "the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created."  *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1175, 191 L. Ed. 2d 132 (2015) (original emphasis omitted).  In *Braitberg*, however, the Eighth Circuit specifically held that "[i]n *Spokeo* [] the Supreme Court rejected this absolute view and superseded our precedent in *Hammer* and *Charvat*."  *Braitberg*, 2016 WL 4698283, at *4. Applying the standard set forth in *Spokeo*, the Eighth Circuit concluded the plaintiff had not alleged an injury in fact because "he does not allege that [the defendant] disclosed the information to a third party, that any outside party has accessed the data . . . . [and] [h]e identifies no material risk of harm from the retention; a speculative or hypothetical risk is insufficient."  *Id.*

Following the Eighth Circuit's decision in *Braitberg*, a court in the Western District of Missouri addressed the precise issue which is before the court in this case: whether an allegation

---

³ The Seventh Circuit in *Meyers v. Oneida Tribe of Indians of Wisconsin*, No. 15-3127, 2016 WL 4698949 (7th Cir. Sept. 8, 2016) declined to decide under *Spokeo* whether there was standing for a FACTA claim against the Oneida Tribe of Indians of Wisconsin, instead deciding that the Oneida Tribe was immune from the FACTA claims.

of a risk of identity theft is sufficient to establish an injury in fact. *Thompson v. Rally House of Kansas City Inc.*, No. 4:15-cv-00886 (W.D. Mo. Oct. 6, 2016). In *Thompson*, the court found that plaintiff failed to establish Article III standing because:

> Divorced from the statutory violation, Plaintiff has not and cannot allege his personal credit card information has been exposed generally or that he faces an imminent risk of identity theft. Plaintiff has not alleged his receipt from Defendants was "ever at risk of exposure to would-be identity thieves" or left his possession. *Hammer*, 754 F.3d at 504 (Riley, C.J. dissenting). Further, Plaintiff has not alleged he "suffered so much as a sleepless night or any other psychological harm" and has not claimed to "have undertaken costly and burdensome measures to protect [himself] from the risk [he] supposedly face[s]." *Id*. (internal quotation omitted). There is no real risk of harm as the improper receipt has only been in Plaintiff's possession since receiving it from Defendants. In other words, Plaintiff alleges only a mere violation of FACTA without any actual or imminent, concrete harm.

No. 4:15-cv-00886, slip op. at 9. Other courts have reached the same result. *See, e.g., Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322, 2016 WL 4432685 (D. Nev. Aug, 19, 2016) (holding that plaintiff had no standing to complain of the putative technical violation of FACTA because the putative violations created no "concrete" harm of the type sought to be prevented by Congress). *Noble*'s and *Thompson*'s and reasoning compels the same result here and the Amended Complaint should be dismissed for lack of Article III standing.[4]

---

[4] Some post-*Spokeo* decisions have found that a bare FACTA violation with no allegation of concrete harm is sufficient for Article III standing. *Wood v. J Choo USA, Inc.*, -- F. Supp. 3d --, 2016 WL 4249953 (S.D. Fla. Aug. 11, 2016); *Guarisma v. Microsoft Corp*., -- F. Supp. 3d --, 2016 WL 4017196 (S.D. Fla. July 26, 2016); *Altman v. White House Black Mkt., Inc.*, No. 1:15-CV-2451-SCJ, 2016 WL 3946780 (N.D. Ga. July 13, 2016). However, all of these cases relied in part on the Eighth Circuit's decision in *Hammer*, which the Eighth Circuit recently stated was superseded by *Spokeo*. As a result, the decision by the Eighth Circuit in *Braitberg* and the Western District of Missouri in *Thompson* are more persuasive.

## II. PLAINTIFFS FAIL TO PLEAD FACTS ESTABLISHING THAT P.C. RICHARD WILLFULLY VIOLATED FACTA.

Even if the Court determines that Plaintiffs have standing, which it should not, the Court should nonetheless dismiss Plaintiffs' Amended Complaint for failure to state a claim for a willful violation of FACTA. In *Fullwood v. Wolfgang's Steakhouse, Inc.*, this Court held that for a plaintiff to state a claim for a willful violation of FACTA, "it is it is not enough to show simply that there was awareness—either general or specific—of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements." 2015 WL 4486311 at *4. Instead, "the key . . . is for a complaint to cross the line from a level of knowledge of FACTA's requirements from which it [is] merely possible to infer a willful violation, to a level from which it is plausible to infer such a violation." *Id.* In *Fullwood*, this Court found that the plaintiff's allegations that the defendants' insurance contracts specifically excluded violations of FACTA—combined with allegations of Defendants' general and specific knowledge of FACTA—were enough to push the complaint over the line from possible to plausible. *Id.*

Here, Plaintiffs' non-conclusory factual allegations rely mainly on three generalized observations: (1) FACTA was passed in 2003 and was accompanied by public statements by key stakeholders, which included major credit card companies (Am. Compl. ¶¶ 40, 42); (2) the Federal Trade Commission issued general guidance in 2007, which informed businesses of FACTA's requirements (Am. Compl. ¶ 43); and (3) many credit card companies implemented policies relating to FACTA. (Am. Compl. ¶ 42).[5] At most, these allegations only establish the Defendants' general awareness of the requirements of FACTA. But, allegations of "awareness—

---

[5] The Amended Complaint also alleges, in conclusory fashion, that (1) "several years ago" credit card companies and "other entities" informed Defendants about FACTA's requirements and (2) that Defendants "knew their electronic receipt printing equipment . . . were configured and/or otherwise outdated." (Am. Compl. ¶¶ 40, 44). The Amended Complaint provides no factual support for these conclusory assertions and therefore the Court need not treat them as true for a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

either general or specific—of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements" is not enough to plausibly state a claim for a willful violation of FACTA.  *Fullwood*, 2015 WL 4486311 at *4; *see also Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740(PAC), 2015 WL 405506, at *2 (S.D.N.Y. Jan. 30, 2015), *vacated and remanded sub nom.* C*ruper-Weinmann v. Paris Baguette Am., Inc.*, -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013 (JSR), 2014 WL 2990110, at *4 (S.D.N.Y. June 30, 2014), *reconsideration denied*, 41 F. Supp. 3d 411 (S.D.N.Y. 2014), *and vacated and remanded sub nom. Cruper-Weinmann v. Paris Baguette Am., Inc.*, -- F. App'x --, 2016 WL 3553448 (2d Cir. June 30, 2016).[6]

Plaintiffs' Amended Complaint contains only two allegations that purport to relate to P.C. Richard's specific knowledge, neither of which push the Amended Complaint over the line from possible to plausible.  First, Plaintiffs allege that P.C. Richard "knew their electronic receipt printing equipment . . . were configured and/or otherwise outdated" and that P.C. Richard "decided to forego and otherwise avoid the expense, time, and other resources required to properly configure and update their electronic receipt printing equipment (inclusive of software and other codes) such that they would not print information (such as the card expiration date) prohibited by FACTA." (Am. Compl. ¶ 44).  The Amended Complaint provides no factual support for these conclusory assertions.  Indeed at the pre-motion conference held before the Court on August 18, 2016, Plaintiffs' counsel acknowledged to the Court that these allegations are solely "on information and belief."  Consequently, these allegations taken alone are

---

[6] Although the Second Circuit vacated and remanded the decisions in *Crupar-Weinnmann* and *Katz*, the Second Circuit stated that the scope of the remand was only to "allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district court to address any standing questions in the first instance." C*ruper-Weinmann v. Paris Baguette Am., Inc.*, -- F.App'x --, 2016 WL 3553448, at *1 (2d Cir. June 30, 2016).  The scope of this remand does *not* include reevaluation of the District Courts finding on willfulness.

insufficient to establish willfulness. *Protegrity Corp. v. AJB Software Design, Inc.*, No. 3:13-CV-01484 (RNC), 2015 WL 461041, at *3 (D. Conn. Feb. 3, 2015) (dismissing a claim that direct patent infringement was willful because the claim did no more than "identify a legal label" and, although alleging facts on information and belief is permissible under Rule 12(b)(6), "what is not permissible is pleading a cause of action without factual support").

Moreover, when this conclusory allegation is read with the other allegations in the Amended Complaint it is implausible that P.C. Richard intentionally decided to avoid the "expense time and other resources to properly configure and update their electronic receipt printing equipment." (Am. Compl. ¶ 44). Plaintiffs' concede that P.C. Richard properly configured its electronic receipt printing equipment to redact the credit card numbers as required under FACTA. (Am. Compl. ¶ 3) So, there is no dispute that P.C. Richard's electronic receipt printing equipment was capable of redacting numbers. Yet, Plaintiffs offer no facts to show what additional expense, time and other resources would be necessary to configure the system to redact expiration dates, such that P.C. Richard would knowingly expose itself to potential multi-million dollar liability under FACTA. The fact that P.C. Richard "changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions." *Crupar-Weinmann*, 2014 WL 2990110 at *4. Rather, P.C. Richard's alleged failure to properly configure its electronic printing machine "lends itself to an 'obvious alternative explanation' of negligence." *Fullwood*, 2015 WL 4486311 at *4.

Second, Plaintiffs allege that the American Express receipt received by Mr. Sandeep Trisal on May 2, 2016 evidences P.C. Richard's willful violation because it occurred after the filing of this lawsuit. But, again, the allegations relating to Mr. Trisal are only evidence of

potential negligence on the part of P.C. Richard. Plaintiff's Original Complaint was limited solely to potential debit card transactions. Plaintiffs' Amended Complaint does not contain any allegation that prior to May 2, 2016, P.C. Richard printed expiration dates on credit card receipts. Rather, it is based on a single American Express transaction, which occurred in May 2, 2016.

In April 2016, P.C. Richard reconfigured its payment terminal to meet the requirements for accepting EMV ("chip card") technology. As part of the EMV certification process, P.C. Richard followed the EMV receipt requirements provided by its merchant bank, Bank of America. Contrary to the allegations in the Amended Complaint, not only does the Bank of America EMV Receipt Requirements not mention the requirements of FACTA, but it specifically states that the printing of the expiration date is *mandatory* for American Express receipts. Direnfeld Decl., Exhibit C. As a result, P.C. Richard's alleged printing of expiration dates on American Express receipts lends itself to the obvious alternative explanation that it negligently relied on the notice from its merchant bank. Consequently, the allegations relating to Mr. Trisal do not state a plausible claim for willfulness.

## **CONCLUSION**

For all the foregoing reasons, the court should dismiss Plaintiffs' Amended Complaint with prejudice and without leave to replead.

Dated:  October 21, 2016

Respectfully submitted,
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

 /s/ J. Peter Coll, Jr.

J. Peter Coll, Jr.
51 W. 52nd St.
New York, New York 10019
Tel:   (212) 506-5000
pcoll@orrick.com

Jonathan A. Direnfeld (admitted *pro hac vice*)
1152 15th Street, N.W.
Washington, D.C. 20005
Tel:   (202) 339-8400
jdirenfeld@orrick.com

*Attorneys for P.C. Richard*