UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

Kathleen O'Shea and Sandeep Trisal on behalf
of themselves and all others similarly situated,

                    Plaintiffs,

            -against-

P.C. Richard & Son, LLC (d/b/a P.C. Richard
& Son) and P.C. Richard & Son, Inc. (d/b/a
P.C. Richard & Son),

                 Defendants.

------------------------------------------

Index No. 2:15-cv-09069-KPF

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO <u>DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

## **TABLE OF CONTENTS**

Table of Authorities .................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Argument ................................................................................................................................... 2

    I.     Plaintiffs Do Not Have Article III Standing ........................................................... 2

         A.    Recent FACTA Decisions Reject Plaintiffs' Contention that a Bare
             FACTA Violation is Sufficient for Article III Standing. ........................... 2

         B.    Plaintiffs Misrepresent Recent Post-*Spokeo* Court Decisions. ................... 5

         C.    Plaintiffs Do Not Allege Any Harm of the Kind Congress Passed FACTA
             to Address. .............................................................................................. 5

    II.    Plaintiffs' Allegations Fail to Assert a Plausible Claim for Willfulness ............... 7

         A.    Awareness of FACTA's Requirements Is Not Sufficient to Establish
             Willfulness. ............................................................................................. 8

         B.    Plaintiffs Do Not Meet the "Plausible" Threshold For a Willful Violation.
             .............................................................................................................. 9

         C.    The Directive from P.C. Richard's Merchant Bank Can Be Considered on
             a Motion to Dismiss ............................................................................... 10

Conclusion ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................9

*Braitberg v. Charter Communications, Inc.*,
  836 F.3d 925 (8th Cir. 2016) ........................................................................................5

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
  No. 13 Civ. 7013(JSR), 2014 WL 2990110 (S.D.N.Y. June 30, 2014)........................9

*Dolan v. Select Portfolio Servicing*,
  03-CV-3285 PKC AKT, 2016 WL 4099109 (E.D.N.Y. Aug. 2, 2016) ..........................6

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
  No. 13 Civ. 7174 (KPF), 2015 WL 4486311 (S.D.N.Y. July 23, 2015) ...................2, 8, 9, 10

*Hammer v. Sam's East, Inc.*,
  754 F.3d 492 (8th Cir. 2014) ........................................................................................5

*Kamal v. J. Crew Group, Inc.*,
  Civ. No. 2:15-0190(WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016)......................... *passim*

*Katz v. Donna Karan International, Inc.*,
  No. 14 Civ. 740(PAC), 2015 WL 405506 (S.D.N.Y. Jan. 30, 2015) ..........................8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)......................................................................................................6

*Noble v. Nevada Checker CAB Corp.*,
  2:15-cv-02322-RCJ-VCF, 2016 WL 4432685 (D. Nev. Aug. 19, 2016) .............................1, 5

*Pirian v. In-N-Out Burgers*,
  No. SACV061251DOCMLGX, 2007 WL 1040864 (C.D. Cal. Apr. 5, 2007)........................8

*Raines v. Byrd*,
  521 U.S. 811 (1997)......................................................................................................6

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016), *as revised* (May 24, 2016)......................................................... *passim*

*Stelmachers v. Verifone Systems, Inc.*,
  No. 5:14-cv-04912-EJD, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016)........................1, 4, 5

*Thompson v. Rally House of Kansas City, Inc.*,
 15-00886-CV-W-GAF, 2016 U.S. Dist. LEXIS 146146 (W.D. Mo. Oct. 6,
 2016) ..................................................................................................................1, 4, 5

**Statutes**

Pub. L. No. 110-241 (June 3, 2008)................................................................................6

**Other Authorities**

Individual Rules of Practice in Civil Cases, Kathrine Polk Failla, Rule 4.B................................10

Federal Rule of Civil Procedure Rule 12(b)(6)................................................................7

P.C. Richard & Son, LLC (d/b/a P.C. Richard & Son) and P.C. Richard & Son, Inc. (d/b/a P.C. Richard & Son) ("P.C. Richard" or "Defendants") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss.

## PRELIMINARY STATEMENT

Plaintiffs do not dispute that their complaint lacks any allegations that P.C. Richard's FACTA violation resulted in actual harm to Plaintiffs, such as identify theft or misuse of their credit or debit card information.  Rather, Plaintiffs assert that they need not plead actual or imminent risk of harm because all violations of FACTA result in concrete injury.  But that argument is squarely at odds with the Supreme Court's decision in *Spokeo* that "Congress' role in identifying and elevating intangible harms does not mean that plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016).  Indeed, within the last three months, four federal district courts—in three different circuits—have held that under *Spokeo*, "[n]ot all violations of FACTA 'cause harm or present any material risk of harm.'"  *Kamal v. J. Crew Grp., Inc.*, Civ. No. 2:15-0190(WJM), 2016 WL 6133827, at *4 (D.N.J., Oct. 20, 2016) (quoting *Spokeo*, 136 S. Ct. at 1550).[1]  Plaintiffs must plead more, and in particular facts demonstrating actual or imminent risk of harm, such as (1) someone actually accessed or attempted to access Plaintiffs' credit card information or (2) the receipt was discarded in some vulnerable way, stolen or viewed by someone other than Plaintiffs or Counsel.  *Id.*  The absence of any such allegations in the Plaintiffs' Amended Complaint ("Am. Compl.") means they have

---

[1] As discussed below, the other cases are *Stelmachers v. Verifone Sys., Inc.*, No. 5:14-cv-04912-EJD, 2016 WL 6835084 (N.D. Cal. Nov. 21, 2016); *Thompson v. Rally House of Kan. City, Inc.*, 15-00886-CV-W-GAF, 2016 U.S. Dist. LEXIS 146146 (W.D. Mo. Oct. 6, 2016); *Noble v. Nevada Checker CAB Corp.*, 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685 (D. Nev. Aug. 19, 2016).

not pled an injury-in-fact and consequently lack standing to sue under Article III.

Further, Plaintiffs fail to adequately allege a claim for willfulness.  Plaintiffs offer nothing to support the claim that Defendants chose not to comply with the law in order to avoid "expense, time, and other resources required to properly configure and update their electronic receipt printing equipment."  (Am. Compl. ¶ 44).  To sidestep the lack of sufficient allegations for willfulness, Plaintiffs cite to an out-of-circuit case to support its assertion that allegations of a defendant's general knowledge of the statute's requirements are sufficient to plead a case for willfulness.  But that is not the standard in this Court.  Allegations of "awareness—either general or specific—of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements" is not enough to state a plausible claim for a willful violation of FACTA.  *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 WL 4486311, at *4 (S.D.N.Y. July 23, 2015).  Something more is required to allege a willful disregard for the statute's requirements, but nothing more is pled here.  Therefore, Plaintiffs' FACTA claim should also be dismissed for failure to state a claim.

## ARGUMENT

## I.      PLAINTIFFS DO NOT HAVE ARTICLE III STANDING

### A.      Recent FACTA Decisions Reject Plaintiffs' Contention that a Bare FACTA Violation is Sufficient for Article III Standing.

Plaintiffs concede that they have not been the victims of any fraud or had their card information accessed by any third party as a result of the printing of expiration dates on their receipts. (Dkt. 41, Tr. 22:3-13).  Notwithstanding the lack of any allegations of actual harm, Plaintiffs contend that they have suffered a "concrete injury" because the printing of a credit or

debit card expiration date in violation of FACTA "is *per se* a concrete injury."[2] (Opp'n at 10.) But, Plaintiffs' contention is directly contrary to the Supreme Court's holding in *Spokeo* that "a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. Indeed, since P.C. Richard filed its Motion to Dismiss, two additional federal courts have dismissed similar FACTA complaints for failure to allege any concrete harm.

In *Kamal v. J. Crew Group, Inc.*, a court in the District of New Jersey addressed allegations that a J. Crew retail store provided the plaintiff with a receipt showing ten digits of his credit card number in violation of FACTA. Civ. No. 2:15-0190(WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016). Like the plaintiffs here, the plaintiff in *Kamal* alleged that the violation of FACTA made them "more susceptible" to fraud and identify theft. *Id*. at *3. Relying on *Spokeo* the court found that "[n]ot all violations of FACTA 'cause harm or present any material risk of harm.'" *Id*. at *4 (quoting *Spokeo*, 136 S. Ct. at 1550). While "an 'injury in fact' may be 'intangible' or difficult to monetize" the injury still must be "actual or imminent, not conjectural or hypothetical." *Id*. at *2 (quoting *Spokeo*, 136 S. Ct. at 1548). "[W]here the alleged injury is heightened risk of future harm, the allegations must entail a degree of risk sufficient to meet the concreteness requirement." *Id*.

Applying this standard, the court concluded that the plaintiff's complaint did not "entail a degree of risk sufficient to meet the concreteness requirement" because it "does not provide any facts demonstrating a risk sufficiently 'actual or imminent' to constitute a concrete injury." *Id*. at

---

[2] Plaintiffs' only allegation of injury is that that Defendants harmed them by "exposing them to at least an increased risk of identity theft and credit and or debit card fraud." (Am. Compl. ¶ 51).

*3 (quoting *Thompson v. Rally House of Kan. City, Inc.*, 15-00886-CV-W-GAF, 2016 U.S. Dist. LEXIS 146146 at *13 (W.D. Mo. Oct. 6, 2016).  Specifically, the court noted that "[t]here is no evidence that anyone has accessed or attempted to access or will access Plaintiffs credit card information," nor were there any allegations "that anyone will *actually* obtain one of Plaintiff's discarded J. Crew receipts, and—through means left entirely to the Court's imagination— identify the remaining six digits of the card number and then proceed undetected to ransack Plaintiff's Discover account."  *Id.* (emphasis in original).  As a result, the court dismissed the complaint because "[w]ithout an injury in fact," the plaintiff "lacked standing to sue under Article III."  *Id.* at *4.

Similarly, in *Stelmachers v. Verifone Systems, Inc.,* a court in the Northern District of California held that merely alleging an increased risk of identity theft alone will not establish an injury-in-fact under FACTA.  No. 5:14-cv-04912-EJD, 2016 WL 6835084 at *3 (N.D. Cal. Nov. 21, 2016).  Like the court in *Kamal*, the court in *Stelmachers* found while "Congress can define intangible harms as concrete through statutorily-defined rights, it 'does not mean that a plaintiff automatically satisfies the injury-in-fact requirement' by alleging the violation of a statute." *Id.*, at *3 (quoting *Spokeo*, 136 S. Ct. at 1549).  Rather, a plaintiff "must identify a real risk, not one that is merely possible or speculative, for the alleged statutory harm to qualify as concrete and 'certainly impending.'"  *Id.*  The court found that the lack of any allegations that anyone else received the receipt with the plaintiff's credit card information meant that the "risk that Plaintiff will be subjected to the type of 'low tech' identity theft identified in the [complaint] is too attenuated to constitute a qualifying injury in fact for standing, even if Plaintiff successfully alleged a violation of FACTA."  *Id.* at *4.  Therefore, the court dismissed the complaint for failing to allege standing under Article III.

### B.    Plaintiffs Misrepresent Recent Post-*Spokeo* Court Decisions.

Plaintiffs incorrectly state that "Post-*Spokeo*, most courts addressing Article III standing

in FACTA . . . cases have found that violations of federally created rights are concrete injuries."

(Opp'n at 10).  The only support cited by Plaintiffs for this assertion are three non-binding

Eleventh Circuit district court cases.  But, as discussed in P.C. Richard's opening brief, these

three Eleventh Circuit cases rely in part on the Eighth Circuit's pre-*Spokeo* decision in *Hammer*

*v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir. 2014), which the Eighth Circuit has since stated was

superseded by *Spokeo*.[3]  Further, the decisions by the courts in *Thompson* (W.D. Mo.)*, Kamal*

(D.N.J.), *Noble* (D. Nev.) and *Stelmachers* (N.D. Cal.) all found that a bare violation of FACTA

is not enough to establish standing under *Spokeo*.  *Thompson*, 2016 U.S. Dist. LEXIS 146146, at

*13-14; *Kamal*, 2016 WL 6133827, at *3; *Noble*, 2016 WL 4432685, at *3-4[4]; *Stelmachers*,

2016 WL 6835084, at *4.  Rather, a plaintiff must allege facts that demonstrate "a risk

sufficiently 'actual or imminent' to constitute a concrete injury."  *Kamal*, 2016 WL 6133827 at

*3 (quoting *Thompson*, 2016 U.S. Dist. LEXIS 146146, at *13).

### C.    Plaintiffs Do Not Allege Any Harm of the Kind Congress Passed FACTA to Address.

Plaintiffs seek to divert this Court's attention from their lack of an injury-in-fact through

an extensive beside-the-point discussion of Congress's role in identifying intangible harms and

---

[3] In *Braitberg v. Charter Commns, Inc.*, the Eighth Circuit stated "[i]n *Spokeo*, however, the Supreme Court rejected this absolute view [that the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created] and superseded our precedent in *Hammer* and *Charvat*."  836 F.3d 925 (8th Cir. 2016).  Plaintiffs' attempt to minimize the significance of *Braitberg* by stating that it is not a FACTA case is unavailing.  (Opp'n at 12).  As the court in *Thompson* noted, given that the Eighth Circuit explicitly stated *Hammer* was superseded by *Spokeo*, "[i]t follows that claims with mostly identical allegations to *Hammer* [a mere violation of FACTA for the printing of more than the last five digits of the credit card number without any concrete harm] can no longer survive a challenge to Article III standing."  *Thompson*, 2016 U.S. Dist. LEXIS at *13-14 (W.D. Mo. Oct. 6, 2016).
[4] Plaintiffs' attempts to distinguish the decision in *Noble* are unpersuasive as Plaintiffs rely on a series of pre-*Spokeo* cases that do not even address the issue of Article III standing.  (Opp'n 13, n.6).

the creation of "federal substantive rights."  (Opp'n at 7-9).  There is no dispute that Congress

may "define injuries and articulate chains of causation that will give rise to a case or controversy

where none existed before."  *Spokeo*, 136 S. Ct. at 1549 (quoting *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 580 (1992)).  But the Supreme Court made clear that "Congress' role in

identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies

the injury-in-fact requirement whenever a statute grants a person a statutory right."  *Id.*

"Congress cannot erase Article III's standing requirements by statutorily granting the right to sue

to a plaintiff who would not otherwise have standing."  *Id.* at 1547–48 (quoting *Raines v. Byrd*,

521 U.S. 811, 820 n.3 (1997)).  In the case of FACTA, the purpose of the statute "is to ensure

that consumers suffering from any *actual harm* to their credit or identity are protected."  *Kamal*,

2016 WL 6133827, at *4 (emphasis in original) (citing Pub. L. No. 110-241 (June 3, 2008)

(emphasis added)); *see also* Am. Compl. ¶ 6 ("in fashioning FACTA, Congress aimed to restrict

the amount of information *available to identity thieves*.") (citation omitted) (emphasis added).

So, "[w]hile FACTA as a whole may implicate traditional privacy interests" it does not create

injury-in-fact and Article III standing.  *Kamal*, 2016 WL 6133827, at *4.

Similarly, the Plaintiffs reliance on the Eleventh Circuit's decision in *Church v. Accretive

Health Inc.* is at best a misdirection (Opp'n at 9).  In *Dolan v. Select Portfolio Servicing* a court

in the Eastern District of New York specifically addressed *Church*'s holding that "a plaintiff had

standing to assert claims under the Fair Debt Collection Practices Act . . . simply by alleging that

she had not received all information to which she was entitled under the statute, even in the

absence of any allegations of tangible economic or physical harm."  03-CV-3285 PKC AKT,

2016 WL 4099109, at *6 n.7 (E.D.N.Y. Aug. 2, 2016)(internal quotation marks omitted).  As the

*Dolan* court noted, courts in the Second Circuit are "not bound by this decision and [this court]

respectfully disagrees with it." *Id.*  Specifically, the *Dolan* court "reject[ed] the view that *Spokeo*
established the proposition that *every* statutory violation of an 'informational' right
'automatically' gives rise to standing" *Id.* (emphasis in the original).

## II.     PLAINTIFFS' ALLEGATIONS FAIL TO ASSERT A PLAUSIBLE CLAIM FOR WILLFULNESS

Plaintiffs' counsel fundamentally misrepresents P.C. Richard's counsel's statements to
the Court relating to its Rule 12(b)(6) motion.  At the pre-motion hearing, Plaintiffs' counsel first
raised the allegation that there still may be P.C. Richard receipts containing expiration dates and
said he had evidence that P.C. Richard was continuing to print expiration dates for *both* credit
and debit card receipts.  As counsel for P.C. Richard stated at the hearing:

> Well, up until about half an hour ago I understood this was a debit
> case and I understood that the expiration date information had
> ceased existing on debit cards contemporaneous with the filing of
> the complaint . . .  [But]
>
> I was sitting outside there 20 minutes ago, half an hour ago, and I
> was told that there were debit cards showing up with expiration dates
> on them and there were now credit cards now showing up with
> expiration dates on them.  I assume if they are telling you that that
> they have some evidence of that, I am not going to contest that.  On
> the other hand, I know nothing about it.

(Dkt. 41, Tr. 12:3-16).  Counsel then told the Court, "I want to see some allegations as to exactly
what they are claiming."  *Id.* at 13:7-8.

When Plaintiffs provided the receipts referenced at the pre-motion hearing it became
clear that, notwithstanding the previous representation, the new receipts did not involve a debit
card, but instead involved only American Express credit card receipts.  Counsel for P.C. Richard
informed Plaintiffs' counsel that (1) the printing of the expiration was due to communications
from P.C. Richard's own merchant bank, which provided contradictory statements regarding the

requirements for American Express expiration dates and (2) the expiration dates were immediately removed following the hearing.  Declaration of Jonathan Direnfeld ("Direnfeld Decl."), Exhibit B.  P.C. Richard provided this information so that Plaintiffs could take it into account when amending their complaint given that counsel had represented to the Court that it planned to offer new, additional allegations relating to the reasons for P.C. Richard having not adjusted its electronic printing equipment.  (Dkt. 41, Tr. 8:4-11:7).  Instead, Plaintiffs ignored the information and continue to base its willfulness claim on the same conclusory allegations of the initial complaint that: (1) P.C. Richard had knowledge of FACTA and (2) P.C. Richard chose not to make the modifications to comply with FACTA because of the "expense" of compliance.  (Am. Compl. ¶ 44).  Neither of these allegations meet this Court's standard for pleading a willful violation for FACTA.

   A.   **Awareness of FACTA's Requirements Is Not Sufficient to Establish Willfulness.**

   In response to Defendants' arguments about the pleading standard for a willful violation of FACTA, Plaintiffs cite to the "seminal FACTA case" *Pirian v. In-N-Out Burgers*—an unpublished decision by a court in the Central District of California—to assert that allegations of a defendant's general knowledge of FACTA's requirements are sufficient to plead a willful violation.  No. SACV061251DOCMLGX, 2007 WL 1040864 (C.D. Cal. Apr. 5, 2007).  Not only is the decision in *Pirian* not binding on this court, but it is inconsistent with this court's ruling in *Fullwood v. Wolfgang's Steakhouse, Inc.*, as well as other courts' decisions in the Southern District of New York, which have held that "it is not enough to show simply that there was awareness—either general or specific—of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements." 2015 WL 4486311 at *4; *see also Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740(PAC), 2015 WL 405506, at *2 (S.D.N.Y.

Jan. 30, 2015); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013(JSR), 2014 WL 2990110, at *4 (S.D.N.Y. June 30, 2014).  Therefore, Plaintiffs' allegations relating to Defendants' general knowledge of FACTA are insufficient, by themselves, to support a claim for willfulness.

**B.      Plaintiffs Do Not Meet the "Plausible" Threshold For a Willful Violation.**

Plaintiffs further allege that Defendants chose not to make the FACTA required modifications to its electronic printing system in order to avoid "cost" and "expense", but the allegations are implausible when plaintiffs' counsel acknowledges that within hours of the August 18th hearing the expiration date field had been removed from the American Express receipts.

Plaintiffs allege that Defendants' printing equipment was capable of complying with FACTA and that Defendants configured it in part to comply with FACTA's number truncation policy. (Am. Compl. ¶ 3).  Plaintiffs assert, however, that Defendants decided to forego complete compliance in order to avoid the "expense, time and other resources required to properly configure and update their electronic receipt printing equipment."  (Am. Compl. ¶ 44).  Yet, Plaintiffs make this allegation "on information and belief," and offer no details of the alleged burden of expense or time that it would take to reconfigure Defendants' system.  Moreover, Plaintiffs make this conclusory allegation in the face of Plaintiffs' counsel's acknowledgement that the expiration date field on American Express cards was removed immediately after the hearing on August 18, 2016.  Direnfeld Decl., Exhibit B.  Obliviously, neither time nor expense caused the expiration dates to appear on the American Express card receipts, and the explanation provided to counsel was ignored.  On this record, P.C. Richard's alleged failure to properly configure its electronic printing machine "lends itself to an obvious alternative explanation of

negligence." *Fullwood*, 2015 WL 4486311, at *4 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).

### C.   The Directive from P.C. Richard's Merchant Bank Can Be Considered on a Motion to Dismiss

Plaintiffs' objections to the documents attached to the Declaration of Jonathan Direnfeld are misplaced[5] because they ignore the limited substantive purpose for which the emails and EMV requirements were provided to counsel and are offered here.  Unlike the defendants in *Fullwood*, who sought selectively to include merchant directives to show lack of general knowledge of the requirements of FACTA, the information in the emails about the merchant bank directive was provided to plaintiffs' counsel before he filed an amended complaint because in the original complaint it had been alleged that P.C. Richard printed expiration dates because of time and expense and, as claimed in Court, willfully continued to do so on American Express credit card receipts after the filing of the initial complaint.  (Am. Compl. ¶¶ 44, 45)  As Plaintiffs' counsel acknowledges, however, in the exchange of information:

> On August 18, 2016, **just hours after our hearing with the Court**, I again visited the same "Chelsea Store #65" located at "53 West 23rd Street" and made a purchase using my American Express card. A redacted copy of the August 18, 2016 receipt is attached and shows that your client changed the format of the receipt by removing the field description "Expiration:" from its receipt.

Direnfeld Decl. Ex. B (emphasis added).

### CONCLUSION

For all the foregoing reasons, the court should dismiss Plaintiffs' Amended Complaint with prejudice and without leave to replead.

---

[5] Procedurally, Plaintiffs' submission of a separate 10 page memorandum legal memorandum styled as an "Objection to the Declaration of Attorney Jonathan A. Direnfeld," is a transparent attempt to circumvent this Court's rule that, "[u]nless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages."  Individual Rules of Practice in Civil Cases, Kathrine Polk Failla, United States District Judge, Rule 4.B.

Dated:  December 9, 2016

Respectfully submitted,
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

 /s/ *J. Peter Coll, Jr.*

J. Peter Coll, Jr.
51 W. 52nd St.
New York, New York 10019
Tel:   (212) 506-5000
pcoll@orrick.com

Jonathan A. Direnfeld (admitted *pro hac vice*)
1152 15th Street, N.W.
Washington, D.C. 20005
Tel:   (202) 339-8400
jdirenfeld@orrick.com

*Attorneys for P.C. Richard*